## Progressive Club's License

*Thomas A. Curran*, for appellant.

*Joseph E. Pappano*, Deputy Attorney General, for Liquor Control Board.

MacDADE, J., October 30, 1937.—The Progressive Social Club, Inc., of Chester, Pa., was licensed on June 1, 1936, by the Treasurer of Delaware County, Pa., under the Beverage License Law of July 18, 1935, P. L. 1217, which license has been revoked and its bond forfeited by the Pennsylvania Liquor Control Board, after the said board had cited the said club to show cause why its license should not be revoked, alleging violations of the provisions of the acts of assembly in such case made and provided: Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, as amended by the Act of July 18, 1935, P. L. 1246, and the Act of June 16, 1937, P. L. 1762.

The licensee filed an answer denying the alleged violations, including the charge that the "establishment is not a bona fide club."

After a hearing before the said board, which was attended by the licensee through its representative and its counsel, the evidence adduced, according to the opinion filed by the said board, established the following facts:

"1. Establishment is not a bona fide club."

The said board found that the laws of the Commonwealth and the regulations of the board were violated, and that the allegations contained in the said citation were sustained by the evidence.

From the order made on September 24, 1937, for the above reasons, the retail dispenser's license issued to the Progressive Social Club, for premises 223 Market Street, in the City of Chester and County of Delaware, was revoked. From this revocation the club has appealed, alleging that it is a corporation, organized and existing under the laws of the State of Delaware, and registered in the Commonwealth of Pennsylvania, under the Business Corporation Law of May 5, 1933, P. L. 364. Under the Act of 1937, supra, a club must be incorporated in this Commonwealth. See also Haverford Township Social Club, 25 Del. Co. 566.

When the matter came on for a hearing on October 9, 1937, an appeal having been granted upon petition, appellant presented no testimony to sustain the averments of the said petition for appeal but stated that in lieu thereof it would submit a stipulation of fact. This it has not done, although it was requested to furnish the same promptly. Inasmuch as it has not been done and the license period will shortly expire, we think it in the interest of public policy to dispose of the appeal without further delay. However, we may dispose of the appeal upon the record respecting its citizenship.

As we said at the hearing and repeat now, it is our judgment that the liquor laws of this Commonwealth do

not contemplate that a license to dispense liquors, whether malt, spirituous, vinous, or any admixture thereof, can be issued to a citizen (and a corporation is a citizen as well as an individual for the purpose of this case) of another Commonwealth, as is this club, being incorporated in the State of Delaware. The liquor laws are to regulate and to restrain and not to extend the privileges thereof to citizens of other States over which we have no control. Licenses, when issued, are to be issued to citizens of this Commonwealth; therefore, the board was correct in holding that this club under these circumstances is not established in this Commonwealth as a bona fide club. Clubs, to be recipients of such privileges, must be organized and existing under the laws of the Commonwealth of Pennsylvania.